**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| RUTILO VEGA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-1391-SLP |
| | ) | |
| MARKWAYNE MULLIN, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**O R D E R**

Before the Court is Petitioner Rutilo Vega's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. [Doc. No. 1].  On June 12, 2026, the Court ordered Respondents to show cause why Petitioner should not be granted a bond hearing under 28 U.S.C. § 1226(a).  Respondents have filed a Response to Order to Show Cause [Doc. No. 9], and the matter is at issue.  For the reasons that follow, the Court GRANTS IN PART the Petitioner's Petition.

**I.      Background**

Petitioner, a noncitizen and national of Mexico, entered the United States in 1994. On or around May 18, 2026, Petitioner was pulled over for a traffic stop and was subsequently detained, taken into ICE custody, and placed into removal proceedings before the Immigration Court pursuant to 8 U.S.C. § 1229a.  Petitioner is being detained pursuant to 8 U.S.C. § 1225(b)(2)(A).  Thus, Petitioner has not been given the opportunity to post bond or be released on other conditions.  Petitioner is detained at the Diamondback Correctional Facility in Watonga, Oklahoma.

On June 12, 2026, Petitioner filed this action, claiming violations of the Immigration and Nationality Act (INA), violations of ICE's own regulations, a violation of the Fourth Amendment, a violation of the Retroactivity Doctrine, and violation of his due process rights under the Fifth Amendment of the United States Constitution. Petitioner claims that Respondents do not have authority to subject him to mandatory detention and that his continued detention without a bond hearing is unlawful and violates his due process rights. As relief, Petitioner seeks release from custody or, in the alternative, a bond hearing pursuant to 8 U.S.C. § 1226(a).

## II.     Discussion

The Court rejects Respondents' statutory interpretation of § 1225(b)(2)(A) as governing Petitioner's detention. The Court further adopts the reasoning set forth in *Lopez v. Corecivic Cimarron Corr. Facility*, No. CIV-25-1175-SLP, 2026 WL 165490 at *3-7 (W.D. Okla. Jan. 21, 2026), where this Court has previously addressed, in a more detailed Order, these same issues and concluded that ICE detention of similarly situated petitioners is governed by § 1226(a). The Court notes a current split of circuit authority on the statutory interpretation issue, with the Seventh and Second Circuits having ruled in a manner consistent with this Court. *See Cunha v. Freden*, -- F.4th --, 2026 WL 1146044 (2d Cir. Apr. 28, 2026); *Castañon-Nova v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025); *but see Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 508 (5th Cir. 2026) (agreeing with Respondent's position that § 1225(b)(2)(a) governs the detention);

2

*Avila v. Bondi*, 170 F.4th 1128, 1138 (8th Cir. 2026) (same).[1]  Accordingly, the Court concludes that § 1226(a) governs Petitioner's detention.

The Court grants relief to Petitioner in the form of a bond hearing under § 1226(a) and declines to address Petitioner's remaining claims.  *Lyng v. Nw. Indian Cemetery Protective Ass'n*, 485 U.S. 439, 108 S. Ct. 1319, 99 L. Ed. 2d 534 (1988) ("[a] fundamental and longstanding principle of judicial restraint requires that courts avoid reaching constitutional questions in advance of the necessity of deciding them"); *see also Scott v. Mullin*, 303 F.3d 1222 (10th Cir. 2002) (declining to address the remaining claims in a habeas petition after already granting relief on one claim).

IT IS THEREFORE ORDERED that the Petition [Doc. No. 1] is GRANTED IN PART.  Respondents are ORDERED to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) business days of the date of this Order, or otherwise release Petitioner if he has not received a lawful bond hearing within that period.

A separate judgment shall be entered.

IT IS SO ORDERED this 25th day of June, 2026.

SCOTT L. PALK
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] To date, the Tenth Circuit has not ruled on the issue.  *See RIGOBERTO SANTILLAN QUIROZ v. SCARLET GRANT, et al.*, No. CIV-25-1349-PRW, 2026 WL 852201 (W.D. Okla. Jan. 13, 2026) (pending before the 10th Circuit).